# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00477-GPG-NRN

BRANDON RIETHEIMER
and those similarly situated,

       Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

       Defendant.

---

**JOINT STIPULATED MOTION TO STAY DISCOVERY AND VACATE MAY 9 SCHEDULING CONFERENCE PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION (ECF #13) AND MOTION TO DISMISS CLAIM NO. 3 (ECF #14)**

---

161938743.1

### INTRODUCTION

The parties to this action—Plaintiff, Mr. Rietheimer, and Defendant, United Parcel Service, Inc. (UPS)—jointly move for an order staying discovery and vacating the scheduling conference currently set for May 9, 2023. ECF #12.

UPS has two motions currently pending: (1) a motion to compel individual arbitration (ECF #13) and (2) a motion to dismiss Mr. Rietheimer's third claim for relief (ECF #14). If granted, these motions could completely remove this case from this Court. As a result, it will conserve Court and party resources to stay discovery (including vacating the May 9, 2023 scheduling conference) until those two motions are resolved, and the factors articulated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) all weigh in favor of the stay.

### PROCEDURAL BACKGROUND

1.      Mr. Rietheimer began this action by filing his complaint in District Court for Adams County, Colorado on January 1, 2023.

2.      Thereafter, Mr. Rietheimer filed his First Amended Complaint in the District Court for Adams County, Colorado on February 13, 2023.

3.      On February 21, 2023, UPS removed this action to this Court. ECF #1.

4.      On February 22, 2023, the Court issued its Order Setting Scheduling/Planning Conference and Setting Deadline for Filing of Consent/Non-Consent Form, which set the scheduling conference for May 9, 2023. ECF #12.

5.      Then, on February 27, 2023, UPS filed both its (1) motion to compel individual arbitration (ECF #13) and (2) motion to dismiss Mr. Rietheimer's third claim for relief (ECF #14). Both motions were fully briefed on April 12, 2023 and remain pending.

## LEGAL STANDARD

In exercising its inherent authority to manage its docket, the Court may grant a stay of discovery pending resolution of a motion to dismiss. *See Valverde v. Xclusive Staffing, Inc.*, No. 16-CV-00671-RM-MJW, 2016 WL 8737774, at *1 (D. Colo. Nov. 4, 2016) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (citations omitted).

In ruling on a motion for stay, courts in this District consider the following factors: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese*, 2006 WL 894955, at *2 (granting a motion to stay to allow for a potential ruling on two of the defendants' motions to dismiss the action for lack of personal jurisdiction).

"[A] stay of discovery may be appropriate if resolution of a preliminary motion may dispose of the entire action." *See Cook v. Pensa, Inc.*, No. 13-CV-03282-RM-KMT, 2014 WL 1660480, at *1, 2 (D. Colo. Apr. 25, 2014) (internal citations omitted) (granting a stay pending ruling on defendant's motion to compel arbitration, finding that requiring the parties to submit to full discovery prior to a ruling on the preliminary motion would unnecessarily subject the parties "to the very complexities, inconveniences, and expenses of litigation that they determined to

avoid."); *see also i4 Grp. Consulting, LLC v. Scaled Agile, Inc.*, No. 20-CV-01855-DDD-NRN, 2020 WL 6565229, at *4 (D. Colo. Nov. 9, 2020) (granting stay of discovery pending resolution of motion to dismiss based on arbitration agreement).

ARGUMENT

I.     **The *String Cheese* factors all weigh in favor of the discovery stay.**

In this case, each of the five *String Cheese* factors weighs in favor of a discovery stay, as both Mr. Rietheimer and UPS agree.

**Factor 1: Plaintiff's Interest**

This first factor weighs in favor of a stay. As stated above, Mr. Rietheimer agrees to this stay of discovery. It is in Mr. Rietheimer's interest not to expend resources pursuing discovery in this action if individual arbitration is going to be ordered and/or his third claim for relief is going to be dismissed.

**Factor 2: Burden on Defendant**

This second factor also weighs in favor of a stay. There would be a significant burden on UPS to pursue, and respond to, discovery in this action, for example responding to written discovery, preparing witnesses for deposition, and collecting and reviewing documents. Such a burden may not even be necessary, depending on the forthcoming resolution of UPS's two pending motions. And while some discovery may be necessary if this matter proceeds in arbitration, courts in this District have recognized that discovery in an arbitration is usually more limited (and less burdensome) than discovery in federal litigation. *See, e.g., i4 Grp. Consulting*, 2020 WL 6565229, at *3 ("Moreover, should arbitration ultimately be ordered by the Court, any discovery in the arbitration context is likely to be severely limited.").

-4-

***Factor 3: Convenience to the Court***

Likewise, it will be more convenient to the Court and conserve the Court's resources to stay discovery pending resolution of UPS's two pending motions. If the Court grants UPS's pending motion to compel individual arbitration, that will eliminate further proceedings in this Court. Similarly, if the Court grants UPS's motion to dismiss Mr. Rietheimer's third claim for relief, that will limit the scope of discovery that the Court needs to oversee. Thus, if the Court were to hold the May 9, 2023 scheduling conference and oversee discovery in this action prior to either such ruling, such an expenditure of Court resources will have been unnecessary. *See i4 Grp. Consulting*, 2020 WL 6565229, at *3 ("The Court's own convenience is considered in the *String Cheese* factors, and it is not convenient for the Court to conduct proceedings and issue orders that ultimately might have to be redone by an arbitrator if the case is dismissed in favor of arbitration.").

***Factor 4: Interests of Non-Parties***

The fourth factor, interests of non-parties, also favors the stay. Resolution of this dispute may require that the parties obtain discovery from non-parties. Similar to the interests of the parties and the Court, any non-party who may receive a subpoena as part of discovery in this action would benefit from not having to incur the burden and expense of responding to such a subpoena until their response is necessary. Requiring non-parties to go to the burden and expense of responding to subpoenas as part of an action that may not even continue in District Court has the potential to result in a waste of those non-parties' resources.

***Factor 5: Public Interest***

This final factor also weighs in favor of a stay. As the court in *i4 Group Consulting* articulated, a stay of discovery pending resolution of a motion to dismiss based on an arbitration agreement serves the public interest because such a stay recognizes the strong policy favoring arbitration:

> The general public interest also weighs in favor of a stay. "There is a strong federal policy favoring arbitration for dispute resolution." Allowing discovery on i4 Group's claims while the Court resolves a motion to compel arbitration could undermine that policy. In addition, while this is a federal proceeding, the Colorado legislature has expressed the public policy of Colorado as favoring a stay of proceedings while the Court considers a motion to compel arbitration.

*i4 Grp. Consulting, LLC*, 2020 WL 6565229, at *4 (internal citations omitted).

As in *i4 Group Consulting*, a stay of discovery pending resolution of UPS's motion to compel arbitration would serve the public interest by recognizing the strong public policy that favors resolution of disputes by arbitration.

## II. The parties have stipulated to this stay of discovery.

As stated above, the parties have agreed to the stay of discovery requested in this motion. Additionally, as part of their stipulation, the parties have agreed to the following terms to ensure that discovery proceeds promptly after resolution of UPS's two pending motions, if this action is staying in District Court:

- Neither party is giving up any appellate rights it may have with respect to an order regarding the motion to compel individual arbitration; and

- The parties will hold a 26(f) conference within 21 days of the issuance of an order denying the motion to compel, assuming no appellate stay is in place at that time, and discovery can begin after that 26(f) conference.

## CONCLUSION

For the foregoing reasons, the parties jointly request that the court enter an order vacating the May 9, 2023 scheduling conference and staying discovery in this action until resolution of UPS's pending (1) motion to compel individual arbitration (ECF #13) and (2) motion to dismiss Mr. Rietheimer's third claim for relief (ECF #14).

161938743.1

DATED this 25th day of April, 2023.          Respectfully submitted,

**PERKINS COIE LLP**


By: *s/ Javier F. Garcia*
    Javier F. Garcia
    Jill L. Ripke
    JGarcia@perkinscoie.com
    JRipke@perkinscoie.com
    1888 Century Park East, Suite 1700
    Los Angeles, CA 90067-1721
    Telephone: +1.310.788.9900
    Facsimile: +1.310.788.3399

    T. Markus Funk, Bar No. 43500
    Daniel Graham, Bar No. 45185
    MFunk@perkinscoie.com
    DGraham@perkinscoie.com
    1900 Sixteenth Street, Suite 1400
    Denver, Colorado 80202-5255
    Telephone: +1.303.291.2300
    Facsimile: +1.303.291.2400


Attorneys for Defendant UNITED PARCEL SERVICE, INC.

**LOWREY PARADY LEBSACK, LLC**


By: *s/ J. Bennet Lebsack*
    J. Bennett Lebsack
    Sara N. Maeglin
    1490 Lafayette St., Ste. 304
    Denver, CO 80218
    ben@lowrey-parady.com
    sm@lowrey-parady.com
    Tel. (303) 593-2595

Attorneys for Plaintiff MR. RIETHEIMER

## <u>CERTIFICATE OF CONFERRAL</u>

Counsel for Defendant certifies, pursuant to D.C.COLO.LCivR 7.1(a), that they conferred in good faith with counsel for Plaintiff regarding the relief requested in this motion. More specifically, counsel for Defendant conferred with Plaintiff's counsel on April 20-23, 2023, via email. As stated in the above motion, the parties have stipulated to the relief requested in this motion.

**PERKINS COIE LLP**

By: s/ *Javier F. Garcia*
    Javier F. Garcia
    Jill L. Ripke
    1888 Century Park East, Suite 1700
    Los Angeles, CA 90067-1721
    Telephone: +1.310.788.9900
    Facsimile: +1.310.788.3399
    JGarcia@perkinscoie.com
    JRipke@perkinscoie.com

    T. Markus Funk, Bar No. 43500
    Daniel Graham, Bar No. 45185
    MFunk@perkinscoie.com
    DGraham@perkinscoie.com
    1900 Sixteenth Street, Suite 1400
    Denver, Colorado 80202-5255
    Telephone: +1.303.291.2300
    Facsimile: +1.303.291.2400

    Attorneys for Defendant UNITED PARCEL
    SERVICE, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

> Sara N. Maeglin
> J. Bennet Lebsack
> Lowrey Parady Lebsack, LLC
> 1490 Lafayette Street, Suite 304
> Denver, CO 80218
> sm@lowrey-parady.com
> ben@lowrey-parady.com

*s/Javier F. Garcia*
Javier F. Garcia
Jill L. Ripke
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: +1.310.788.9900
Facsimile: +1.310.788.3399
JGarcia@perkinscoie.com
JRipke@perkinscoie.com

T. Markus Funk, Bar No. 43500
Daniel Graham, Bar No. 45185
MFunk@perkinscoie.com
DGraham@perkinscoie.com
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone: +1.303.291.2300
Facsimile: +1.303.291.2400

Attorneys for Defendant UNITED PARCEL
SERVICE, INC.

-10-

161938743.1